IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ULYSSES WILKERSON, and ANGELA WILLIAMS, as mother of ULYSSES WILKERSON,<br><br>    Plaintiffs,<br><br>v.<br><br>BRANDON HICKS, in his individual and official capacity with the City of Troy Police Department BARRY RODGERS, in his individual and official capacity with the City of Troy Police Department; JASON BARRON, in his individual and official capacity with the City of Troy Police Department; BRANDON KIRKLAND, in his individual and official capacity with the City of Troy Police Department; MICHAEL WATTS, in his individual and official capacity with the City of Troy Police Department;<br><br>    Defendants. | CASE NO: 2:19-cv-00898-SMD |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### I. NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is a civil action brought pursuant to 42 U.S.C §1983, et seq. to assert and recover damages for violations of the Fourth Amendment to the U.S. Constitution by defendants BRANDON HICKS, BARRY RODGERS, JASON BARRON, BRANDON KIRKLAND, and MICHAEL WATTS, in their individual and official capacities, as policemen for the City of Troy, Alabama, while acting under color of state law.

1

2. These constitutional violations include claims made pursuant to 42 U.S.C §1983 arising from these defendants' wrongful seizure, unlawful arrest, illegal assault, use of excessive force and resulting personal injuries to Plaintiff Ulysses Wilkerson caused thereby on the night of December 23, 2017, in Troy, Alabama, and pendant state law claims arising therefrom.

3. This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1331 and §1343(a)(3)-(4) as Plaintiff Wilkerson asserts claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff Angela Williams is a resident of Pike County, Alabama, and the mother of Ulysses Wilkerson. Ulysses Wilkerson was age 17, and a minor, at the time he was severely injured by the adverse parties on or about December 23, 2017, and thus Plaintiff Williams has a legitimate interest in raising these claims which cost her and her minor son dearly. As parent of Ulysses Wilkerson, Plaintiff Angela Williams is viable party pursuant to Alabama state law. See Ala. Code (1975) § 6-5-390, and See *Thomas v. Heard*, 256 So. 3d 644 (Ala. 2017).

5. Venue is proper in this Court under 28 U.S.C. §1391(b) because all Defendants reside in the Southern Division of the Middle District of Alabama and the incidents, events, actions and occurrences giving rise to these causes of action occurred in the Southern Division of the Middle District of Alabama.

## II. PARTIES

6. Plaintiff Ulysses Wilkerson is a citizen and resident of Pike County, Alabama.

7. Plaintiff Angela Williams is a citizen and resident of Elmore County, Alabama.

8. Defendants Brandon Hicks Barry Rodgers, Jason Barron, Brandon Kirkland, and Michael Watts are and were at all pertinent times, policemen for the City of Troy, Alabama, who, while acting under the color of law, participated in the wrongful seizure, unlawful arrest, illegal assault, and excessive use of force which resulted in personal injuries to Plaintiff Ulysses Wilkerson on the night of December 23, 2017, in Troy, Alabama.

### III. ALLEGATIONS COMMON TO ALL CLAIMS

9. On the night of December 23, 2017, Ulysses Wilkerson, a 17-year old minor at the time, was walking in downtown Troy, Alabama.

10. At approximately 11:52 p.m. on the night of December 23, 2017, the Defendants exited their patrol cars and approached Plaintiff Wilkerson and pursued him on foot for several blocks until the Defendants stopped Plaintiff Wilkerson.

11. Plaintiff Wilkerson was alone, did not resist arrest, was not armed, and he presented no threat nor the appearance of any threat to the Defendants or to anyone else.

12. One or more of each of the named Defendants immediately, and without cause, violently assaulted Plaintiff Wilkerson, throwing him to the ground, beating and kicking Wilkerson's body, head and face, despite the fact that Plaintiff Wilkerson had done nothing to be interpreted or considered as a threatening behavior.

13. During the Defendants assault of Plaintiff Wilkerson, one or more of the named Defendants repeatedly struck Wilkerson with their fists and kicked Wilkerson's body, head, and face causing Wilkerson to suffer cuts, bruises, broken bones, and other severe injuries to his body, head and face. (See Exhibit A, photo of Plaintiff Wilkerson taken several hours after the Defendants' assault).

14. During the course of the Defendants' assault, Plaintiff Wilkerson never struck nor attempted to strike the Defendants, offered no resistance, and took no actions other than defensively attempting to ward off, or minimize his injuries from the Defendants' unlawful assault. In fact, the Plaintiff was pinned down on the ground, with one hand in a handcuff and the other under his stomach, and could thus offer no resistance.

15. In this assault, Plaintiff Wilkerson suffered severe injuries to his body, head and face, including but not limited to many fractures to his face.

16. After this assault, the Defendants charged Plaintiff Wilkerson in an Alabama juvenile court.

## IV. PLAINTIFF WILKERSON'S CLAIMS

### COUNT I

### UNLAWFUL SEIZURE AND UNLAWFUL USE OF FORCE

17. Plaintiffs reallege all of the allegations of the preceding paragraphs 1 through 16.

18. The use of force against Plaintiff Wilkerson by each of the named Defendants on December 23, 2017, was unwarranted, unlawful and excessive; and violated the Fourth Amendment's prohibition against unlawful seizure and unlawful use of force.

19. This unlawful seizure and excessive use of force and resulting violation of Mr. Ulysses Wilkerson's Fourth Amendment Constitutional rights by each of the named Defendants on December 23, 2017, was the moving force behind or a proximate cause of the injuries to Plaintiff Wilkerson.

20. Plaintiff Ulysses Wilkerson also suffered grave mental anguish and emotional distress, in addition to his physical injuries.

4

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Ulysses Wilkerson demands judgment against the defendants for damages in such sum as the jury may reasonably determine, for the costs of this action, for reasonable attorneys' fees pursuant to 42 U.S.C. §1988, and such further additional, necessary or proper relief the Court deems appropriate.

## COUNT II

### STATE LAW ASSAULT

21. Plaintiffs reallege all of the allegations of the preceding paragraphs 1 through 16.

22. The Defendants intentionally and unlawfully assaulted Mr. Ulysses Wilkerson, in violation of state common laws against statutes against the same.

23. This intentional and unlawful assault proximately caused Mr. Ulysses Wilkerson to suffer grave physical injury, mental anguish and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Wilkerson demands judgment against the named Defendants pursuant to the common law of Alabama for damages in such sum as the jury may reasonably determine, for the costs of this action, and such further additional, necessary or proper relief the Court deems appropriate.

## COUNT III

### PARENT'S DAMAGES PURUSANT TO ALA. CODE (1975) § 6-5-390

24. Plaintiffs reallege all of the allegations of the preceding paragraphs 1 through 16.

25. The Defendants intentionally and unlawfully assaulted Mr. Ulysses Wilkerson.

26. This intentional and unlawful assault proximately caused Plaintiff Angela Williams, the mother of Ulysses Wilkerson, to suffer loss of services, the cost and expense of treatment, and other damages due to the physical injuries suffered by her son, Ulysses Wilkerson.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Angela Williams demands judgment against the Defendants pursuant to the law of Alabama for damages claimed in such sum as the jury may reasonably determine, for the costs of this action, and such further additional, necessary or proper relief the Court deems appropriate.

## V. JURY DEMAND

### PLAINTIFFS DEMAND TRIAL BY JURY OF EACH OF THESE CLAIMS

/s/ Julian L. McPhillips, Jr.
Julian L. McPhillips, Jr. (ASB-3744-L74J)
Counsel for Plaintiffs


/s/ K. David Sawyer
K. David Sawyer (ASB-5793-R61K)
Counsel for Plaintiffs

**OF COUNSEL:**

**Julian L. McPhillips, Jr.**
MCPHILLIPS SHINBAUM, L.L.P.
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321      FAX
julianmcphillips@msg-lawfirm.com

K. David Sawyer, Esq.
Of-Counsel
516 South Perry Street
Montgomery, Alabama 36104
(334) 356-4301
(334) 263-2321     FAX
kdsawyer64@outlook.com

**NOTICE OF SERVICE OF PROCESS:**

Barry Rodgers
c/o City Clerk Shannon Bryan
301 Charles W. Meeks Ave.
Troy, Alabama 36081

Jason Barron
c/o City Clerk Shannon Bryan
301 Charles W. Meeks Ave.
Troy, Alabama 36081

Brandon Kirkland
c/o City Clerk Shannon Bryan
301 Charles W. Meeks Ave.
Troy, Alabama 36081

Michael Watts
c/o City Clerk Shannon Bryan
301 Charles W. Meeks Ave.
Troy, Alabama 36081

Brandon Hicks
c/o City Clerk Shannon Bryan
301 Charles W. Meeks Ave.
Troy, Alabama 36081

/s/ Julian L. McPhillips, Jr.
Julian L. McPhillips, Jr.
McPhillips Shinbaum, LLP
516 S. Perry Street
Montgomery, AL 36104
Telephone: (334) 262-1911
Facsimile: (334) 263-2321
julianmcphillips@msg-lawfirm.com
Counsel for Plaintiffs



