IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ULYSSES WILKERSON and       )
ANGELA WILLIAMS as Mother   )
of Ulysses Wilkerson,       )
                            )
     Plaintiff,             )
                            )    CIVIL ACTION NO.
     v.                     )      2:19cv898-MHT
                            )          (WO)
BRANDON HICKS, in his       )
individual and official     )
capacity with the City of   )
Troy Police Department,     )
et al.,                     )
                            )
     Defendants.            )
```

ORDER

Plaintiffs have moved for leave to file a second amended complaint in this case. *See* Motion for Leave to Amend (Doc. 35). The proposed second amended complaint would add a count under 42 U.S.C. § 1983 for "unlawful arrest" and would restate the plaintiffs' constitutional claims as brought against the defendants only in their individual capacities, rather than in both their individual and official capacities. Proposed Second Amended Complaint (Doc. 35-1) at 1, 7.

Rule 15 of the Federal Rules of Civil Procedure addresses the amendment of pleadings. It provides that amendments beyond the first may be made "only with the opposing party's written consent or the court's leave," and it instructs that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants oppose the present amendment on the grounds that it was unduly delayed, is offered in bad faith, and is futile. *See* Response to Motion to Amend (Doc. 41) at 3-11.

Upon consideration of the proposed amendment and defendants' response in opposition, the court will grant the motion to amend. The court believes that the substantive issues raised in defendants' arguments regarding bad faith and futility would be better addressed on motions filed in response to the proposed second amended complaint, and it does not find that the amendment was unduly delayed. Moreover, the amendment will provide the benefit of aligning the plaintiffs'

claims for relief, which seek only money damages for the alleged constitutional violations, with the capacity in which the defendants are sued.

Plaintiffs have also moved the court to take judicial notice of a juvenile court adjudication related to the arrest from which their allegations in this suit arise. *See* Motion for Judicial Notice (Doc. 42) at 1. Defendants have joined in this request. *See* Joinder in Motion for Judicial Notice (Doc. 45) at 1. A federal court may take judicial notice of relevant state proceedings, including criminal proceedings. *See Cunningham v. Dist. Att'y's Off.*, 592 F.3d 1237, 1255 (11th Cir. 2010); *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013). But taking judicial notice of the fact of relevant proceedings does not make the facts found in such proceedings binding on the court. *See Grayson v. Warden, Comm'r, Ala. Doc*, 869 F.3d 1204, 1224-25 (11th Cir. 2017). As such, the court will grant the motion and take judicial

3

notice of the existence of the juvenile adjudication noted by the parties, with the proviso that this notice does not extend to the facts found in that adjudication.

\* \* \*

Accordingly, it is ORDERED as follows:

(1) Plaintiffs' motion for leave to amend the complaint (Doc. 35) is granted. Plaintiffs should file the proposed second amended complaint on or before March 19, 2021.

(2) Plaintiffs' motion for judicial notice (Doc. 42) is granted. The court will take judicial notice of the adjudication of the Alabama Court of Criminal Appeals in *U. W. v. State*, CR-17-0667 (Doc. 42-1).

(3) Defendants' motion to dismiss the first amended complaint (Doc. 23) is denied with leave to renew.

DONE, this the 11th day of March, 2021.

                                /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**