**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **ULYSSES WILKERSON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:19-cv-00898-MHT-SMD** |
| | ) | |
| **BRANDON HICKS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendants Brandon Hicks, Barry Rodgers, Jason Barron, Brandon Kirkland, and Michael Watts notify the Court of the following supplemental authorities on the issue of whether the Court can consider the body-worn camera videos when it decides the Defendants' motion to dismiss the Second Amended Complaint. These authorities repudiate the Plaintiffs' contrived dispute over the videos' authenticity:

> Here, Robinson has not shown that the district court erred in considering the bodycam footage in ruling on the motions to dismiss. She does not dispute that the bodycam footage was referenced in the operative complaint and central to her claims. *See Hi-Tech Pharm.*, 910 F.3d at 1189. Instead, she contends that the bodycam footage was not "undisputed" because she disputed the facts which could be observed in or inferred from the footage. But "[i]n this context 'undisputed' means that the authenticity of the document is not challenged," *Day*, 400 F.3d at 1276, not that the evidence is free from any dispute over its content. We see nothing in the record to suggest that Robinson believes the bodycam footage is not what it purports to be – that is, the video and audio information recorded by the two officers' body-worn cameras during the events on May 30, 2019. *See* Fed. R. Evid. 901(a). Because the "undisputed authenticity" requirement is met, we consider

the bodycam footage at the motion-to-dismiss stage, viewing it in the light most favorable to Robinson.

*Robinson v. City of Huntsville*, No. 21-13979, 2022 WL 3867584, at *3 (11th Cir. Aug. 30, 2022).

> Plaintiff's argument that the contents of the bodycam videos are in dispute fails. "'[U]ndisputed' means that the authenticity of the document is not challenged." Plaintiff does not dispute the authenticity of the video – only the completeness. But, the Court need not consider hours of bodycam footage for the footage to be complete or "undisputed." Defendants supplied the Court with certified bodycam footage, obtained from ACC through an open records request, depicting the Individual Officers' use of deadly force – the moment central to Plaintiff's claims.

> "When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Where the video "obviously contradicts [Plaintiff's] version of the facts, [the Court] accept[s] the video's depiction instead of [Plaintiff's] account," and "view[ ] the facts in the light depicted by the videotape." The Court views any ambiguities in the light most favorable to Plaintiff. Because Plaintiff failed to articulate a cognizable argument to dispute the authenticity of the attached videos, the videos are central to Plaintiff's claims, and the videos are incorporated by reference in Plaintiff's original and Amended Complaints, the Court may consider the videos in ruling on both motions.

*Swinford v. Santos*, No. 3:21-CV-90 (CAR), 2022 WL 987992, at *4 (M.D. Ga. Mar. 31, 2022) (footnotes omitted).

These authorities support the Defendants argument that the Court can consider the videos.[1]

---

[1] James H. Pike has the express consent of Randall Morgan to affix his electronic signature to this document.

/s/ James H. Pike
James H. Pike
Alabama State Bar ASB-5168-P63J
SHEALY, PIKE, HORNSBY & FREEMAN
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
jpike@shealypikelaw.com
Attorney for Defendant Brandon Hicks


/s/ Randall Morgan
Randall Morgan
Alabama State Bar ASB-8350-R70R
HILL, HILL, CARTER, FRANCO, COLE &
BLACK, P.C.
425 South Perry Street
Montgomery, Alabama 36104
Tel. (334) 834-7600
Fax (334) 263-5969
rmorgan@hillhillcarter.com

Attorney for Defendants Barry Rodgers, Jason
Barron, Brandon Kirkland, and Michael Watts

## Certificate of Service

I, James H. Pike, certify that on December 5, 2022, I electronically served

this document, via the CM/ECF system, upon:

Julian L. McPhillips, Jr.
K. David Sawyer
MCPHILLIPS SHINBAUM, LLP
516 South Perry Street
Montgomery, Alabama 36104

/s/ James H. Pike
James H. Pike