```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
```

```
ULYSSES WILKERSON and       )
ANGELA WILLIAMS, as Mother  )
of Ulysses Wilkerson,       )
                            )
     Plaintiffs,            )
                            )    CIVIL ACTION NO.
     v.                     )     2:19cv898-MHT
                            )         (WO)
BRANDON HICKS, in his       )
individual capacity,        )
et al.,                     )
                            )
     Defendants.            )
```

OPINION AND ORDER

Plaintiff Ulysses Wilkerson sustained cuts, bruises, broken bones, and other injuries during an arrest. He and his mother, plaintiff Angela Williams, bring this action against the five police officers involved, in their individual capacities: defendants Brandon Hicks, Barry Rodgers, Jason Barron, Brandon Kirkland, and Michael Watts.

Wilkerson contends that the officers subjected him to excessive force in violation of the Fourth and

Fourteenth Amendments, as enforced through 42 U.S.C. § 1983.  He also brings claims for assault and battery under Alabama law.  Because Wilkerson was a minor at the time of the arrest, Williams separately seeks 'parent's damages' from the officers under Alabama Code § 6-5-390.  All of the defendants filed a motion to dismiss, arguing that qualified immunity or state-agent immunity insulated them from suit on these allegations.

On August 28, 2024, this court issued an order (Doc. 89) finding, among other things, that immunity was not appropriate for some of the claims and denied the defendants' immunity defense as to them.  The defendants filed an interlocutory appeal of the denial of immunity, as they are entitled to do, and asked the court to enter a stay of all proceedings while the appeal is resolved.  The plaintiffs contested the stay at a hearing on September 27, 2024.  For the reasons below, the court will enter a stay of all proceedings in this matter.

The court starts from the general premise that "until the threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  Although the trial court has substantial discretion in discovery matters, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton,* 523 U.S. 574, 597–98 (1998). Once the qualified immunity defense is raised, "balancing is done with a thumb on the side of the scale weighing against discovery." *Harbert Int'l, Inc. v. James,* 157 F.3d 1271, 1280 (11th Cir. 1998).  Once a non-frivolous appeal of a denial of immunity has been filed, a stay of discovery is obviously appropriate until the appellate court resolves the immunity issue. *See Summit Medical Assoc. v. James,* 998 F. Supp. 1339

3

(M.D. Ala. 1998) (Thompson, C.J.); *see also Hegarty v. Somerset County,* 25 F.3d 17 (1st Cir. 1994) ("The stay of discovery, of necessity, ordinarily must carry over through the appellate court's resolution of [the immunity] question, so long as the appeal is non-frivolous."). Therefore, a complete stay will issue as to the defendants who have appealed the denial of immunity. No discovery involving these defendants is authorized.

\* \* \*

Accordingly, it is ORDERED that:

(1) Defendants Brandon Hicks, Barry Rodgers, Jason Barron, Brandon Kirkland, and Michael Watts's motion to stay all proceedings pending the appeal (Doc. 98) is granted.

(2) Defendants Hicks, Rodgers, Barron, Kirkland, and Watts's motion for an extension of time to file both their answer to the plaintiffs' second amended complaint and their Rule 26 report (Doc. 98) is

4

granted.  The deadline to file both documents shall be extended from the initial deadline of October 11, 2024, until 14 days after the final determination of the appeal, if the court's decision is affirmed as to one or more defendants.

    This case is administratively closed during the pendency of the stay.

    DONE, this the 30th day of September, 2024.

                                /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE